## Case No. 11,122.

PICKERING et al. v. PHILLIPS et al.

[4 Cliff. 383; 2 Ban. & A. 417; 10 O. G. 420.] [1]

Circuit Court, D. Massachusetts. Sept. 1, 1876.

COMPROMISE—PATENTS—REISSUE—LICENSE—ESTOPPEL.

1. The complainants brought suit against the defendants, under their original patent, and the suit was dismissed, the respondents recovering costs. The parties entered into a stipulation to the effect that the defendants, by the use of a certain machine, had infringed one of the patents named in the bill, but had settled therefor; that in order to estop the complainants from reasserting claims of infringement set forth in the bill, as far as plaster moulds, French machine, or old pot-stuff were concerned, the bill was dismissed with costs, and that judgment was satisfied. The patent was subsequently reissued to complainants. It was insisted by respondents that the complainants were estopped from maintaining their second suit, by the agreement. Held, that agreement extended no further than to estop the owners of the original patent

---

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission. Merw. Pat. Inv. 677, contains only a partial report.]

[2] [Affirmed in 104 U. S. 310.]

[3] [From 6 Reporter, 101.]

[1] [Reported by William Henry Clifford, Esq., and by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

from prosecuting the respondents for infringing the right set up in that first bill of complaint, no mention being made of any right except the one set up in the bill of complaint.

2. The agreement did not operate as a license to the respondents to make and use the invention secured by the reissued patent, nor did it estop the complainants from prosecuting the respondents under that patent.

The agreement made at the termination of a prior suit referred to in the answer quoted below, was as follows: "Charles R. Atwood and Others, in Equity, v. Taunton Crucible Co. Stipulation. In this case the parties having agreed: 1. That the defendants, by the use of the Bramer machine, have infringed upon one of the patents mentioned in the bill, and fully satisfied the plaintiffs therefor. 2. That the plaintiffs are in error in supposing that they have any claim upon the defendants by reason of their use of the plaster moulds, French machine, or old pot-stuff. 3. And with the intent to estop the plaintiffs from reasserting the claims of infringement set forth in the bill, so far as the plaster moulds, French machine, or old pot-stuff, either or both, are concerned,—it is hereby agreed that the bill in this case may be dismissed, with costs, and that the judgment for costs is fully satisfied. (Signed) J. E. Maynadier, for Plaintiffs. (Signed) Bennett & Fuller, for Defendants. Aug. 16, 1872." This suit referred to in the above stipulation was brought on the original patent of complainants. The patent was reissued before the institution of the present bill.

Bill in equity [by Arthur A. Pickering, Charles R. Vickery, Charles R. Atwood, and the Phœnix Manufacturing Company], founded upon certain letters-patent [No. 49,140] for a new and useful improvement in moulding crucibles [granted to G. Nimmo August 1, 1865, reissued October 24, 1871, No. 4,608]. The defendants [William H. Phillips, Artemas Briggs, and Daniel A. Trefethen] were the officers and agents of the Taunton Crucible Company. In their answer they alleged that they were the assignees of Thomas G. French, of his patent for an improved crucible moulder, and denied infringement. An amended answer was subsequently filed as follows: "And the defendants, for further answer, say the complainants ought not to have and maintain their bill of complaint, because they say that these same complainants heretofore commenced a prior suit in equity against the Taunton Crucible Company for an alleged infringement of their said patent, by the use of the same French machine before mentioned in this answer, and in said suit it was expressly agreed by the parties thereto, as by the files of said case in this court will fully appear, that the plaintiffs had not any claim upon the defendants therein by reason of their use of said French machine; and with intent to estop the plaintiffs from reasserting any claim for infringement, by the use of said machine, it was agreed that said bill might be dismissed with costs (incurred by

reason of the use, by the defendants, of a certain other machine called the Bramer machine), and that upon the payment of the costs of the former suit said complainants should be for ever barred and estopped from any claim arising from the use of said French machine by the defendants; and the defendants say that, relying upon said agreement and estoppel, they paid the complainants the costs of said former suit, and that since that time the only use they have made of said French machine was as officers and agents of said Taunton Crucible Company, and for their interest and benefit; and in fulfillment of said stipulation they ceased to use the aforesaid Bramer machine, and have in all respects fulfilled their said stipulation with the plaintiffs, and therefore the same ought to be enforced against the plaintiffs and in favor of these defendants."

J. E. Maynadier, for complainants.
Bennett & Fuller, for respondents.

CLIFFORD, Circuit Justice. Defective patents, if invalid, may be surrendered and reissued, and the lawful grantee of the new patent may maintain a suit in equity against an infringer, to recover the gains and profits which such infringer made by his unlawful acts, if the cause of action is properly set forth in the bill of complaint.

Sufficient appears to show that letters-patent were, on August 1, 1865, granted to · George Nimmo for a new and useful improvement in moulding crucibles and pots, as more fully set forth in the record, and that the complainants, during the lifetime of the patentee, became the assignees of the same. Infringers were prosecuted, but the grantees of the original patent, finding that the specification was defective, settled the suit against the Taunton Crucible Company, and surrendered the patent, and the record shows that the same was reissued to them as such assignees. Since that time they have commenced the present suit, and the charge is that the respondents unlawfully and wrongfully use an apparatus which, in construction and mode of operation, embraces the invention described and claimed in the reissued letters-patent. Service was made, and respondents appeared and set up three defences: 1. They deny that George Nimmo is the original and first inventor of the alleged invention; 2. That the complainants are estopped from maintaining the present suit against the respondents, for the reasons set forth by the respondents in their special plea; 3. That none of the acts done by the respondents amount to an infringement, for the reason that they were all done by the respondents, as officers and agents of the Taunton Crucible Company, under a license from Thomas G. French, and because they are not in violation of any rights of the complainants.

Unless the invention is new and useful, the letters-patent are not the proper foundation of a suit for infringement, but the let-

ters-patent, when introduced in evidence, if regular in form, afford a primâ facie presumption that the alleged inventor is the original and first inventor of what is therein described as his improvement. Persons charged with infringement may disprove that presumption by showing that the invention had previously been patented or described in some printed publication, or that the alleged inventor was not the original and first inventor of the improvement, but they cannot be allowed to give such evidence in a suit at law unless they give notice in writing of their intention to do so thirty days before the trial. Notices of the kind are required to state the names of the patentees and the dates of their patents, and when granted, and the names and residences of the persons alleged to have invented the same, and where and by whom the invention had been used. Proofs of the kind may be given in equity suits for infringement, upon proper notice being given in the answer to the respondent, and with the like effect. 16 Stat. 208; Rev. St. § 4920, p. 960. Such notice was never given in this case, and of course the first defence must be overruled.

Prior to the surrender of the original patent, a suit was commenced by the then grantees of the same against the Taunton Crucible Company, charging the respondents with the infringement of the exclusive right secured by the letters-patent, and it appears that the bill of complaint was dismissed upon the terms and conditions specified in the agreements exhibited in the present record. It appears by the entry that the respondents recovered costs, but the proofs show that the respondents paid the costs of the suit to the complainants. Support to the second defence is attempted to be drawn from that agreement, but the complainants insist that the terms of the agreement extend no further than to estop the grantees of the original patent from prosecuting the respondents for infringing the title set up in that bill of complaint, and the court, after a careful consideration of the question, is compelled to adopt that conclusion. No mention whatever is made of any right, except what is secured by the patent set forth in the bill of complaint. Reasonably construed, the court is of the opinion that the agreement set up in the second defence does not operate as a license to the respondents to make and use the invention secured by the reissued patent, nor does it estop the present complainants from prosecuting the respondents for an infringement of the exclusive right secured by the reissued patent.

Suppose that is so, still it is insisted by the respondents that they do not infringe the exclusive rights secured to the complainants, which is the only question that remains to be considered. Issues of the kind make it necessary to construe the claim of the patent, and to ascertain what is the real nature and character of the invention secured by the patent. Crucibles made of clay, or other articles made of plastic material, require to be moulded before they are exposed to heat, and what the complainants claim as the invention of George Nimmo is the apparatus described in the specification, which consists of a revolving vessel and the device called a rib, and the mechanism for connecting the rib and the vessel, and for so guiding the rib that it will approach the axis of revolution as it is withdrawn from the revolving vessel. Clay suitable for moulding is placed in the vessel, which is then rapidly revolved, when the rib is brought down upon the clay in the vessel and is pressed down upon it until the clay is reduced to the desired form, the profile of the rib forming the inside of the crucible, and the revolving vessel giving form to the outside of the same. Due form having been given to the crucible, the rib is then withdrawn, which is a matter of difficulty in case the crucible is of less diameter at the mouth than below, unless the mechanism for guiding the rib is so constructed that it will cause the rib to approach the axis of revolution as it is withdrawn from the revolving vessel. Unless the rib can be so guided, it is impossible to manufacture vessels having a bilge without injury to the manufactured article, and it is for that reason that the patented apparatus of the complainants is greatly superior to any thing which has preceded it in the art.

Taken as a whole it is both new and useful, and when taken as a whole the court is of the opinion that the articles manufactured by the respondents do infringe the exclusive rights secured to the complainants by the reissued letters-patent. Doubts were entertained upon that subject at the argument, but a more complete examination of the record has had the effect to remove those doubts, and to convince the court that the apparatus used by the respondents is substantially the same as that described in the specification of the reissued patent. They use the vessel and the rib, and mechanism for connecting the two, and for causing the rib to approach the axis of revolution as it is withdrawn from the revolving vessel. Viewed in the light of these suggestions, it is clear that the complainants are entitled to a decree for an account and for an injunction.

[In Pickering v. McCullough, Case No. 11,-121 (affirmed in 104 U. S. 310), it was held that this patent was void for want of novelty.]

═══

PICKERING (UNITED STATES v.). See Case No. 16,042.